Nicholas J. Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
5055 Wilshire Blvd, Suite 300
Los Angeles, CA 90036
T: (323) 988-2400; F: (866) 802-0021
nbontrager@consumerlawcenter.com
Attorneys for Plaintiff.
NEDDRA PRATT

**UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

| | |
|---|---|
| NEDDRA PRATT, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| NCO FINANCIAL SYSTEMS, INC., | **(Unlawful Debt Collection Practices)** |
| Defendant. | |

## PLAINTIFF'S COMPLAINT

NEDDRA PRATT (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against NCO FINANCIAL SYSTEMS, INC. (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA). According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e)*.

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Because Defendant maintains a business office and conducts business in the state of California, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person residing in Orlando, Orange County, Florida, and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was due and owing or alleged to be due and owing from Plaintiff, and Plaintiff is a "debtor" as that term is defined by *Cal. Civ. Code § 1788.2(h)*.

10. Defendant is a national company with a business office in Rancho Cordova, Sacramento

County, California.

11. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

12. Defendant is not a firm of attorneys or counselors at law and is a company who, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by *Cal. Civ. Code §1788.2(b)*, and is a "debt collector" as that term is defined by *Cal. Civ. Code §1788.2(c)*.

## FACTUAL ALLEGATIONS

13. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt (see Exhibit A).

14. Defendant used offensive language when speaking with Plaintiff on the telephone.

15. Defendant failed to identify itself to Plaintiff in subsequent communications.

16. Defendant threatened to take legal action against Plaintiff, but has not done so.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d(2)* of the FDCPA by using abusive and offensive language when speaking with Plaintiff.

   b. Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   c. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls to Plaintiff without meaningful disclosure of the caller's identity because Defendant repeatedly called Plaintiff and hung up the phone before leaving a message.

d. Defendant violated *§1692e(5)* of the FDCPA by threatening to file a lawsuit against Plaintiff even though Defendant has not filed a lawsuit and does not intend to file a lawsuit against Plaintiff.

e. Defendant violated *§1692e(11)* of the FDCPA by failing to discuss in subsequent communications that the communication was from a debt collector.

18. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit B)

WHEREFORE, Plaintiff, NEDDRA PRATT, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

19. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act;

20. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*;

21. Actual damages;

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

23. Any other relief that this Honorable Court deems appropriate.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, NEDDRA PRATT, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED: October 28, 2008        KROHN & MOSS, LTD.

By: _____

Nicholas J. Bontrager
Attorney for Plaintiff

**VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF CALIFORNIA

Plaintiff, NEDDRA PRATT, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, NEDDRA PRATT, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 10/24/2008                              _____
                                              NEDDRA PRATT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT A**

file:///Z|/All%20Files-FDC/Open%20Files/Pratt,%20Neddra%20v.%20NCO%20Financial%20Systems,%20Inc/Court%20Docs/Pleadings/WITNESS%20LETTER.txt

Case 2:08-cv-02573-LKK-EFB   Document 1   Filed 10/28/08   Page 7 of 9

To whom it may concern:

I witnessed a bill collector from NCO being very rude to Neddra. Neddra was just getting off from work.
I went into the kitchen and I heard Neddra telling someone not to talk to her that way.
So I said "Neddra who is that getting you upset"? Neddra is a very soft spoken person
And never scream at people, I wanted to know who was making her upset. So I sat at the dinner
Table she laid the phone down on the table I heard the guy saying very rude things to her .Then
I asked her who was on the phone. The representative then said who is that asking who I am. So I said I am
Her mother. Then I asked him what is the problem and then he replied your daughter doesn't want to
Pay her bill so I said to him how do you know that?  So he started screaming at me so I told Neddra
Tell him that you no longer want to talk to him, let's call an Attorney and, he said yeah right
Call an Attorney I would like to see that she doesn't pay her bill so how can she afford an
Attorney. The rep. also told us that he doesn't want to hear our jabbing very obnoxiously. So I told Neddra to hang up the phone. She was very upset. I have to say
I have never heard anyone talk to any person that way, he was extremely rude
. I felt like there has got to be something to could be done about this.
That kind of behavior is not accepted under any circumstances. I hope someone stops him
Because he was very unprofessional.


Ellen Williams

10/27/2008

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**<u>EXHIBIT B</u>**

I have suffered from the following due to, or made worse by, the actions of the

1. Sleeplessness — **YES** NO
2. Fear of answering the telephone — **YES** NO
3. Nervousness — YES NO
4. Fear of answering the door — YES NO
5. Embarrassment when speaking with family or friends — YES NO
6. 
7. Chest pains — YES NO
8. Feelings of hopelessness, pessimism — **YES** NO
9. Feelings of guilt, worthlessness, helplessness — **YES** NO
10. Appetite and/or weight loss or overeating and weight gain — YES NO
11. Thoughts of death, suicide or suicide attempts — **YES** NO
12. Restlessness or irritability — **YES** NO
13. Headache, nausea, chronic pain or fatigue — **YES** NO
14. Negative impact on my job — **YES** NO
15. Negative impact on my relationships — **YES** NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _I have went back in forth with NCO that I was very confused. I even sent an email to my attorney asking what should I do._

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 10/24/2008

_Neddra Pratt_
Signed Name

_Neddra Pratt_
Printed Name